UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN P. AND MARY JARRETT, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FLEETWOOD ENTERPRISES, INC., et ) <br> al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 05-4219 PVT <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT; AND VACATING HEARING DATE ON PENDING MOTIONS** |

On January 10, 2006, Plaintiffs filed a Motion for Award of Attorney's Fees, Expenses & Costs, and a Motion for Award of Prejudgment Interest.[1] Based on the moving papers and the file herein, the court finds it appropriate to issue this order:

IT IS HEREBY ORDERED that the hearing set for February 14, 2006 is hereby VACATED.

IT IS FURTHER ORDERED that, no later than January 24, 2006, any party asserting that this court has subject matter jurisdiction shall submit a brief and supporting declarations demonstrating that the amount in controversy exceeded $50,000 at the time the action was removed.

Defendants removed this case to federal court based on Plaintiffs' federal claim under the Magnusson-Moss Warranty Act. Jurisdiction under that Act requires that the amount in controversy

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

exceed $50,000 (exclusive of interests and costs). *See,* 15 U.S.C. §§ 2310(d)(3). Other than the interest and costs (including attorneys fees) that do not count towards the amount in controversy, Plaintiffs' amended complaint sought only "return of their purchase [sic] and incidental and consequential damages, which exceed $25,000." And it appears from the information in Plaintiffs' memorandum in support of their motion for attorneys fees (the "Attorneys Fees Motion") that the actual amount in controversy may not meet the jurisdictional limit.[2]

Dated: *1/12/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Where, as here, a plaintiff seeks a refund of a vehicle's purchase price in exchange for return of the vehicle, the amount in controversy for purposes of the Act is determined by subtracting from the cost of the vehicle the current value of the vehicle and the use value the plaintiff obtained from the vehicle. *See, e.g., Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406-406 (7th Cir. 2004) (applying Illinois law to claim under Magnusson-Moss Warranty Act). In Plaintiffs' Attorneys Fees Motion, they indicate that they were "out of pocket" $242,000, not including interest, costs or attorneys fees. They also indicate that the current retail value of the subject vehicle was approximately $192,800 shortly before they amended their complaint to add a claim under the Magnusson-Moss Warranty Act, in response to which Defendants removed the action to federal court. Subtracting the current value of the vehicle from the Plaintiffs' out of pocket damages leaves less than $50,000 in controversy. Although there is no information regarding the use value Plaintiffs obtained from the vehicle, that amount will only further *reduce* the amount in controversy. Thus, it appears this court lacks jurisdiction and the matter must be remanded to state court.

ORDER, *page 2*