UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN P. AND MARY JARRETT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FLEETWOOD ENTERPRISES, INC., et al., <br><br> Defendants. | Case No.: C 05-4219 PVT <br><br> **ORDER REMANDING CASE TO STATE COURT** |

On January 12, 2006, this court issued an Order to Show Cause Why Case Should Not Be Remanded to State Court.[1] The parties have filed their responses to that order. Based on the papers filed by the parties and the file herein,

IT IS HEREBY ORDERED that this case be, and hereby is, REMANDED to the Superior Court of California in and for the County of Santa Clara. The clerk shall close the file.

The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. provides for federal jurisdiction over certain consumer warranty claims where the amount in controversy is at least $50,000 (exclusive of interest and costs). *See,* 15 U.S.C. § 2310(d)(3)(B). Neither Plaintiffs nor Defendants have demonstrated that the amount in controversy exceeded $50,000 at the time the action was removed.

Where, as here, a plaintiff seeks a refund of a vehicle's purchase price in exchange for return of the vehicle, the amount in controversy for purposes of the Act is determined by

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

subtracting from the cost of the vehicle the current value of the vehicle and the use value the plaintiff obtained from the vehicle. *See, e.g., Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406-406 (7th Cir. 2004). Plaintiffs and Defendants have both submitted calculations subtracting the asserted value of the vehicle–a motor home–from the Plaintiffs' costs in connection with the vehicle. Despite the fact this court's prior order indicated use value was necessary to the calculation, neither party presented any evidence regarding the use value Plaintiffs obtained from the vehicle. From the customer complaint exhibits attached to Plaintiffs' original complaint, it appears Plaintiffs drove the motor home over 15,950 miles between the time they purchased it on January 28, 2002, and February 18, 2003. There appears to be no information regarding how much they have driven the motor home since then. Because the amount of use Plaintiffs obtained from the motor home was substantial in just the first year alone, the amount in controversy cannot be determined without knowing the value of the total use value Plaintiffs obtained during the entire time they owned the motor home.[2]

The Ninth Circuit has a "strong presumption" against removal and will reject federal jurisdiction "if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Because of the parties' failure to submit information regarding the use value Plaintiffs obtained, there is doubt as to Defendants' right to removal of the case and remand is warranted.

Dated: *1/26/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] The use value could easily reduce the amount in controversy below the jurisdictional limit. Although the parties both argue in favor of using the wholesale value of the motor home, the retail value of the motor home is more likely the proper measure. The wholesale value would eliminate the portion of the motor home's value that was lost the minute the owners drove it off the lot. That diminution in value is not caused by any breach of warranty, and thus should not be taken into account as part of the amount in controversy determination. The "current value" should reflect only the difference between how much the owners in fact paid for the motor home, and the lesser amount a reasonable buyer would pay at the time of removal in light of any remaining defects.
Subtracting the retail value of $185,320 from Plaintiffs' out of pocket costs of $247,210 results in $61,890, just $11,890 over the jurisdictional limit. It appears from the file herein that Plaintiffs owned and used the motor home for over 4 years, driving it almost 16,000 miles in the first year alone. Dividing $11,890 by 48 months comes out to about $250 per month. It is quite possible that the cost to lease a similar motor home would have been more than that. Thus, use value may well have exceeded $11,890, leaving less than $50,000 in controversy.

ORDER, *page 2*